# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

MATTHEW RAMIREZ,

     Plaintiff

v.

WILLIAM GITTERE, et al.,

     Defendants

Case No.: 3:20-cv-00300-MMD-CSD

**Report & Recommendation of
United States Magistrate Judge**

Re: ECF No. 25

This Report and Recommendation is made to the Honorable Miranda M. Du, Chief United States District Judge. The action was referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and the Local Rules of Practice, LR 1B 1-4.

Before the court is defendant Montes' motion for summary judgment. (ECF Nos. 25, 31.) Plaintiff filed a response. (ECF No. 34.) Montes filed a reply. (ECF No. 35.)

After a thorough review, it is recommended that Montes' motion be denied.

## I. BACKGROUND

Plaintiff is an inmate in the custody of the Nevada Department of Corrections (NDOC), proceeding pro se with this action pursuant to 42 U.S.C. § 1983. (Compl., ECF No. 6.) The events giving rise to this action took place while Plaintiff was housed at Ely State Prison (ESP). (*Id.*)

The court screened Plaintiff's complaint and allowed him to proceed with a single claim of excessive force under the Eighth Amendment against Montes. Plaintiff alleges that on April 30, 2019, during an incident on the tier, Montes responded by launching a 40 mm projectile single shot. Despite supposedly being trained in NDOC's policies and ESP's own policy regarding the use of this weapon, Montes took deliberate and direct aim at Plaintiff's head

1   and the projectile struck Plaintiff in the head near his temple, causing a deep laceration that
2   required stitches. NDOC and ESP policy state that staff should only aim below the waist, and
3   Montes' actions were directly contrary to established procedure.

4       Montes moves for summary judgment and argues there is no evidence of excessive force.
5   Instead, Montes maintains the force used was reasonable under the circumstances. Alternatively,
6   Montes contends he is entitled to qualified immunity.

7                              **II. LEGAL STANDARD**

8       The legal standard governing this motion is well settled: a party is entitled to summary
9   judgment when "the movant shows that there is no genuine issue as to any material fact and the
10  movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *see also Celotex Corp.*
11  *v. Cartrett*, 477 U.S. 317, 330 (1986) (citing Fed. R. Civ. P. 56(c)). An issue is "genuine" if the
12  evidence would permit a reasonable jury to return a verdict for the nonmoving party. *Anderson v.*
13  *Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986). A fact is "material" if it could affect the outcome
14  of the case. *Id*. at 248 (disputes over facts that might affect the outcome will preclude summary
15  judgment, but factual disputes which are irrelevant or unnecessary are not considered). On the
16  other hand, where reasonable minds could differ on the material facts at issue, summary
17  judgment is not appropriate. *Anderson*, 477 U.S. at 250.

18      "The purpose of summary judgment is to avoid unnecessary trials when there is no
19  dispute as to the facts before the court." *Northwest Motorcycle Ass'n v. U.S. Dep't of Agric.*, 18
20  F.3d 1468, 1471 (9th Cir. 1994) (citation omitted); *see also Celotex,* 477 U.S. at 323-24 (purpose
21  of summary judgment is "to isolate and dispose of factually unsupported claims"); *Anderson,* 477
22  U.S. at 252 (purpose of summary judgment is to determine whether a case "is so one-sided that
23  one party must prevail as a matter of law"). In considering a motion for summary judgment, all

1  reasonable inferences are drawn in the light most favorable to the non-moving party. *In re*

2  *Slatkin*, 525 F.3d 805, 810 (9th Cir. 2008) (citation omitted); *Kaiser Cement Corp. v. Fischbach*

3  *& Moore Inc.*, 793 F.2d 1100, 1103 (9th Cir. 1986). That being said, "if the evidence of the

4  nonmoving party "is not significantly probative, summary judgment may be granted." *Anderson,*

5  477 U.S. at 249-250 (citations omitted). The court's function is not to weigh the evidence and

6  determine the truth or to make credibility determinations. *Celotex,* 477 U.S. at 249, 255;

7  *Anderson*, 477 U.S. at 249.

8       In deciding a motion for summary judgment, the court applies a burden-shifting analysis.

9  "When the party moving for summary judgment would bear the burden of proof at trial, 'it must

10  come forward with evidence which would entitle it to a directed verdict if the evidence went

11  uncontroverted at trial.'… In such a case, the moving party has the initial burden of establishing

12  the absence of a genuine [dispute] of fact on each issue material to its case." *C.A.R. Transp.*

13  *Brokerage Co. v. Darden Rest., Inc.*, 213 F.3d 474, 480 (9th Cir. 2000) (internal citations

14  omitted). In contrast, when the nonmoving party bears the burden of proving the claim or

15  defense, the moving party can meet its burden in two ways: (1) by presenting evidence to negate

16  an essential element of the nonmoving party's case; or (2) by demonstrating that the nonmoving

17  party cannot establish an element essential to that party's case on which that party will have the

18  burden of proof at trial. *See Celotex Corp. v. Cartrett*, 477 U.S. 317, 323-25 (1986).

19       If the moving party satisfies its initial burden, the burden shifts to the opposing party to

20  establish that a genuine dispute exists as to a material fact. *See Matsushita Elec. Indus. Co. v.*

21  *Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). The opposing party need not establish a genuine

22  dispute of material fact conclusively in its favor. It is sufficient that "the claimed factual dispute

23  be shown to require a jury or judge to resolve the parties' differing versions of truth at trial."

1  *T.W. Elec. Serv., Inc. v. Pac. Elec. Contractors Ass'n*, 809 F.2d 626, 630 (9th Cir. 1987)

2  (quotation marks and citation omitted). The nonmoving party cannot avoid summary judgment

3  by relying solely on conclusory allegations that are unsupported by factual data. *Matsushita*, 475

4  U.S. at 587. Instead, the opposition must go beyond the assertions and allegations of the

5  pleadings and set forth specific facts by producing competent evidence that shows a genuine

6  dispute of material fact for trial. *Celotex*, 477 U.S. at 324.

7  **III. DISCUSSION**

8  The Eighth Amendment prohibits the imposition of cruel and unusual punishment.  U.S.

9  Const.  amend.  VIII. It "embodies broad and idealistic concepts of dignity, civilized standards,

10  humanity, and decency." *Estelle v.  Gamble*, 429 U.S. 97, 102 (1976) (citation and internal

11  quotations omitted). The "unnecessary and wanton infliction of pain...constitutes cruel and

12  unusual punishment forbidden by the Eighth Amendment." *Id*. (quoting *Whitley v.  Albers*, 475

13  U.S. 312, 319 (1986)).

14  "[W]henever prison officials stand accused of using excessive physical force in violation

15  of the [Eighth Amendment], the core judicial inquiry is...whether force was applied in a good-

16  faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm."

17  *Hudson v. McMillian*, 503 U.S. 1, 6-7 (1992); *see also Whitley*, 475 U.S. at 320-21; *Watts v.*

18  *McKinney*, 394 F.3d 710, 711 (9th Cir.  2005); *Martinez v. Stanford*, 323 F.3d 1178, 1184 (9th

19  Cir.  2003). "When prison officials maliciously and sadistically use force to cause harm,

20  contemporary standards of decency are always violated." *Hudson*, 503 U.S. at 9 (citing *Whitley*,

21  475 U.S. at 327). That being said, the Ninth Circuit has interpreted that while *Whitley* used the

22  phrase "maliciously and sadistically," it does not require proof of that the officer enjoyed the use

23  of force. *Hoard v. Hartman*, 904 F.3d 780 (9th Cir. 2018). Instead, the focus is on whether the

officer had purpose to cause harm: "[A]n officer who harms an inmate in part of a good-faith effort to maintain security has acted constitutionally, but an officer who harms an inmate 'for the very purpose of causing harm,' … has engaged in excessive force, provided that the other elements of excessive force have been met." *Id.* at 788 (quoting *Whitley*, 475 U.S. at 321).

In determining whether the use of force is excessive, courts are instructed to examine the extent of the injury suffered, the need for the application of force, the relationship between that need and the amount of force used, the threat reasonably perceived by the responsible officials, and any efforts made to temper the severity of the forceful response. *Hudson*, 503 U.S. at 7 (citation omitted).

Montes asserts the following facts are undisputed: On April 30, 2019, staff observed Plaintiff and two other inmates attacking a fourth inmate on the tier of the unit. Montes was trying to de-escalate the situation and discharged pepper spray to try and stop the assault. Two of the inmates stopped fighting, but Plaintiff continued to assault the victim. Montes asserts that Plaintiff slipped on the pepper spray and hit his head. Montes claims that Plaintiff then left the video footage and returned holding the top of his head. A 40 mm projectile was released. After safety and security was restored, Plaintiff received appropriate medical attention. To support these facts, Montes cites to the video of the incident that was manually filed with the court (Exhibit A), and Plaintiff's medical records from the incident (Exhibit B). (ECF No. 25 at 2.)

Plaintiff, on the other hand, states he was involved in a fight with another inmate. Plaintiff contends he was not sprayed with the pepper spray, and he did not hear any command for him to stop fighting. Instead, Plaintiff claims that Montes deliberately aimed and shot Plaintiff in the head with the rubber projectile despite training to the contrary. Plaintiff states that he did not slip and fall to cause the laceration, but the projectile caused the laceration. Plaintiff

1 further argues that there are multiple cameras that would have caught every angle of the incident,

2 but Montes does not provide video footage of the entire incident.

3    The medical records reflect that Plaintiff had a 3 cm crescent shaped full thick scalp

4 laceration that was repaired with sutures. (ECF No. 31-1 at 2.) The unusual occurrence report

5 states that Plaintiff was the aggressor in the incident on April 30, 2019, and he had a laceration to

6 the back of his head from slipping on the floor. (ECF No. 31-1 at 3.)

7    Again, the only evidence Montes cites in support of his statement of undisputed facts are

8 the video and Plaintiff's medical records. The medical records establish that Plaintiff had a

9 laceration that required stitches.  However, the video does not support any of the facts that

10 Montes claims are undisputed. The video submitted by Montes does not actually show the fight,

11 the giving of any commands to stop fighting, the use of pepper spray, Plaintiff slipping and

12 falling, Plaintiff going out of the video screen and then returning grabbing his head, or the

13 deployment of the rubber bullet. Instead, the video appears to pick up after the incident had

14 concluded. Montes does not submit a declaration or any other evidence that supports these

15 asserted undisputed facts. Therefore, Montes has not met his burden under Rule 56. *See* Fed. R.

16 Civ. P. 56(a), (c)(1).

17    Nor has Montes sufficiently demonstrated he is entitled to qualified immunity.

18    "In evaluating a grant of qualified immunity, a court considers whether (1) the state

19 actor's conduct violated a constitutional right and (2) the right was clearly established at the time

20 of the alleged misconduct." *Gordon v. County of Orange*, 6 F.4th 961, 967-68 (9th Cir. 2021)

21 (citing *Saucier v. Katz,* 533 U.S. 194, 200-01 (2001), *overruled in part by Pearson v. Callahan*,

22 555 U.S. 223 (2009)).

23

Viewing the facts in the light most favorable to Plaintiff, Montes did not command Plaintiff to stop fighting, did not deploy pepper spray, and maliciously aimed the projectile rubber bullet at Plaintiff's head (instead of below the waist as Plaintiff was trained). A fact finder believing Plaintiff's version of events could conclude that the force used was excessive in violation of the Eighth Amendment. Moreover, it was clearly established that using force maliciously for the purpose of causing harm violates the Eighth Amendment.

For these reasons, Montes' motion for summary judgment should be denied.

## IV. RECOMMENDATION

IT IS HEREBY RECOMMENDED that the District Judge enter an order **DENYING** Montes' motion for summary judgment (ECF No. 25).

The parties should be aware of the following:

1. That they may file, pursuant to 28 U.S.C. § 636(b)(1)(C), specific written objections to this Report and Recommendation within fourteen days of being served with a copy of the Report and Recommendation. These objections should be titled "Objections to Magistrate Judge's Report and Recommendation" and should be accompanied by points and authorities for consideration by the district judge.

2. That this Report and Recommendation is not an appealable order and that any notice of appeal pursuant to Rule 4(a)(1) of the Federal Rules of Appellate Procedure should not be filed until entry of judgment by the district court.

Dated: August 17, 2022

_____
Craig S. Denney
United States Magistrate Judge

7